**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **SHANNON LEAKE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 1:22-cv-5923 |
| | ) |
| **COLUMBIA CARE LLC, a/k/a** | ) |
| **COLUMBIA CARE ILLINOIS, LLC., a** | ) |
| **Limited Liability Company** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

**NOW COMES** the Plaintiff, SHANNON LEAKE, by and through his undersigned attorney, Arthur R. Ehrlich of the Law Offices of GOLDMAN & EHRLICH, CHTD., and as his Complaint against Defendant, COLUMBIA CARE LLC, a/k/a COLUMBIA CARE ILLINOIS, LLC, states as follows:

1. This is an action brought under Title VII, 42 U.S.C. § 2000e *et seq.*, and under 42 U.S.C. §1981 for discrimination based on Plaintiff's race. Jurisdiction exists under 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. §1981. Venue exists because Defendant does business and maintains offices in the Northern District of Illinois, and all acts relevant to this complaint occurred in the Northern District of Illinois.

2. Plaintiff filed a charge for discrimination, dated January 11, 2021, with the Equal Employment Opportunity Commission (EEOC) and the EEOC issued a Notice of Right to Sue to Plaintiff dated August 24, 2022.

3. Plaintiff, SHANNON LEAKE, is a resident of Plainfield, Illinois. Plaintiff's race is Black, African American.

4. Defendant, COLUMBIA CARE LLC, a/k/a COLUMBIA CARE ILLINOIS LLC, (Hereinafter referred to as Defendant) is a Limited Liability Company, is licensed to do business

LAW OFFICES
**GOLDMAN & EHRLICH**
10 SOUTH LASALLE STREET
SUITE 1800
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

in Illinois, and is engaged in the production and sale of cannabis and other products. It maintains a facility in Aurora, Illinois.

5. Plaintiff was hired by Defendant in or about December of 2019 as the facility manager for Defendant's Aurora facility. Plaintiff worked for Defendant until his termination on or about December 11, 2020.

6. Plaintiff met or exceeded Defendant's reasonable performance expectations at all times relevant to this complaint, The Aurora facility where Plaintiff worked as a facility manager outperformed Defendant's other facilities and Defendant was awarded its first Cannabis Cup based on his performance at the Aurora facility.

7. Defendant's CEO had praised Plaintiff for many of the ideas he proposed to improve facility operations and for his success in running the facility.

## COUNT I
## RACE DISCRIMINATION 42 USC § 2000e *et seq*.

8. During the course of his employment, Plaintiff suggested several additional steps that Defendant could take to improve the security of its inventory of cannabis. Defendant, however, rejected these security improvements.

9. In or about November of 2020, Defendant discovered what it believed to be an inventory discrepancy of cannabis or possible theft. Defendant placed Plaintiff on leave as it investigated the inventory discrepancy. After this investigation, Defendant told Plaintiff that it knew he was not involved in what it alleged may have been a loss of inventory or theft of cannabis.

10. Defendant refused to provide any details to Plaintiff as to the inventory discrepancy or possible theft. As part of its cultivation and production process, a certain amount of inventory is often lost or destroyed when problems occur with a particular batch of cannabis.

LAW OFFICES
**GOLDMAN & EHRLICH**
10 SOUTH LASALLE STREET
SUITE 1800
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

2

11. Defendant subsequently terminated Plaintiff on or about December 11, 2020. Defendant contended that Plaintiff had allegedly failed to take proper steps to prevent, monitor or discover an alleged theft or inventory loss of cannabis.

12. Defendant's reasons for terminating Plaintiff were a pretext for discrimination. Plaintiff was not responsible for this alleged theft or inventory loss, and his prior attempts to establish preventive steps to prevent thefts were rejected.

13. Defendant also terminated two other Black/African American employees and had a security employee removed who was also Black/African American. Defendant contended that one or more of these employees were in the area where the cannabis may have gone missing or may have been taken from the building, or were in a security area that Defendant falsely contended they should not have had access. In fact, these individuals did have proper access to these areas as part of their duties, along with other Caucasian employees.

14. Defendant chose not to terminate nor suspend Caucasian employees who also had access to these same areas, nor Caucasian managers who were directly responsible for inventory or cultivation of cannabis who had the same access to the alleged missing or stolen cannabis, nor the managers who were responsible for preventing theft or who rejected Plaintiff's suggestions for enhancing the security of the facility to prevent or quickly discover any theft of cannabis.

15. Defendant asked if the other black employees it terminated were related to Plaintiff without having any basis for asking this question beyond the mere fact that Plaintiff and the other terminated employees were all Black.

16. Defendant's actions were willful and malicious, and violated Title VII, 42 U.S.C. §2000e *et seq*. Defendant's conduct has caused Plaintiff to lose salary and other employment benefits and caused Plaintiff emotional distress.

17. Plaintiff demands trial by jury.

LAW OFFICES
**GOLDMAN & EHRLICH**
10 SOUTH LASALLE STREET
SUITE 1800
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

3

**WHEREFORE,** Plaintiff requests that this Court enter a judgment in favor of Plaintiff, SHANNON LEAKE and against Defendant and that Plaintiff be awarded the following relief:

   A. Actual damages for lost salary and employment benefits in an amount in excess of On Hundred Thousand Dollars ($100,000.00);

   B. Compensatory damages in an amount of Three Hundred Thousand Dollars ($300,000.00);

   C. Punitive damages in an amount in excess of One Hundred Thousand Dollars ($300,000.00);

   D. Attorney's fees and costs; and

   E. Such other relief as this Court deems appropriate.

## COUNT II
## RACE DISCRIMINATION 42 USC § 1981

1-7. Plaintiff realleges ¶¶1-6 of Count I, above, as ¶¶ 1-7 in this Count II.

8. During the course of his employment, Plaintiff suggested several additional steps that Defendant could take to improve the security of its inventory of cannabis. Defendant, however, rejected these security improvements.

9. In or about November of 2020, Defendant discovered what it believed to be an inventory discrepancy or possible theft of cannabis. Defendant placed Plaintiff on leave as it investigated the inventory discrepancy. After this investigation, Defendant told Plaintiff that it knew he was not involved in what it alleged may have been a loss of inventory or theft of cannabis.

10. Defendant refused to provide any details to Plaintiff as to the inventory discrepancy or possible theft. As part of its cultivation and production process, a certain amount of inventory is often lost or destroyed when problems occur with a particular batch of cannabis.

LAW OFFICES
**GOLDMAN & EHRLICH**
10 SOUTH LASALLE STREET
SUITE 1800
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

4

11. Defendant subsequently terminated Plaintiff on or about December 11, 2020. Defendant contended that Plaintiff had allegedly failed to take proper steps to prevent, monitor or discover an alleged theft or inventory loss of cannabis.

12. Defendant's reasons for terminating Plaintiff were a pretext for discrimination. Plaintiff was not responsible for this alleged theft or inventory loss, and his prior attempts to establish preventive steps to prevent thefts were rejected.

13. Defendant also terminated two other Black/African American employees and had a security employee removed who was also Black/African American. Defendant contended that one or more of these employees were in the area where the cannabis may have gone missing or may have been taken from the building, or were in a security area that Defendant falsely contended they should not have had access. In fact, these individuals did have proper access to these areas as part of their duties, along with other Caucasian employees.

14. Defendant chose not to terminate nor suspend Caucasian employees who also had access to these same areas, nor Caucasian managers who were directly responsible for inventory or cultivation of cannabis who had the same access to the alleged missing or stolen cannabis, nor the managers who were responsible for preventing theft or who rejected Plaintiff's suggestions for enhancing the security of the facility to prevent or quickly discover any theft of cannabis.

15. Defendant asked if the other black employees it terminated were related to Plaintiff without having any basis for asking this question beyond the mere fact that Plaintiff and the other two terminated employees were all Black.

16. Defendant's actions were willful and malicious, and violated Title VII, 42 U.S.C. §1981. Defendant's conduct has caused Plaintiff to lose salary and other employment benefits and caused Plaintiff emotional distress.

17. Plaintiff demands trial by jury.

LAW OFFICES
**GOLDMAN & EHRLICH**
10 SOUTH LASALLE STREET
SUITE 1800
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

5

**WHEREFORE,** Plaintiff requests that this Court enter a judgment in favor of Plaintiff SHANNON LEAKE and against Defendant and that Plaintiff be awarded the following relief:

A. Actual damages for lost salary and employment benefits in an amount in excess of On Hundred Thousand Dollars ($100,000.00);

B. Compensatory damages in an amount of Three Hundred Thousand Dollars ($300,000.00);

C. Punitive damages in an amount in excess of One Hundred Thousand Dollars ($300,000.00);

D. Attorney's fees and costs; and

E. Such other relief as this Court deems appropriate.

*Arthur R Ehrlich*
Arthur R. Ehrlich of the Law Offices of GOLDMAN & EHRLICH, CHTD., as attorney for Plaintiff SHANNON LEAKE

Arthur R. Ehrlich
Law Offices of Goldman & Ehrlich
10 S. La Salle Street, Suite 1800
Chicago, IL 60603
(312) 332-6733
arthur@goldmanehrlich.com

LAW OFFICES
**GOLDMAN & EHRLICH**
10 SOUTH LASALLE STREET
SUITE 1800
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364